————o————

GERMAN SAVINGS BANK, Respondent, *vs.* PHILIP KERLIN AND JOSEPH MARKS, Appellants.

1. *Notes, suit upon—Loss pending action—Subsequent proceedings.*—Where in suit before a justice upon a note, the instrument was filed, but lost before the trial, plaintiff is not compelled after the loss to proceed as indicated by the statute where suit is brought upon a lost note. (Wag. Stat., 813, 814, §§ 9, 10.)

2. *Practice, civil—Evidence—Close of testimony—Subsequent proof.*—In suit by a bank, where through inadvertence proof of its incorporation was omitted, the court might in its discretion permit the proof to be made, although the plaintiff had announced the case as closed.

*Appeal from Buchanan Court of Common Pleas.*

*Chandler & Sherman,* for Appellants.

I. The plaintiff ought not to have been permitted to maintain his suit upon a mere copy of a note, not accompanied by any affidavit of the loss or destruction of the original, or by even any statement accounting for the absence of the original. (Hook vs. Murdock, 38 Mo., 224; W. S., 813, 814, §§ 9, 10.)

II. The court erred in permitting plaintiff to introduce further evidence in the case, several days after the cause had been submitted to the court with instructions, and without notice to defendants.

*Judson & Barnard,* for Respondent.

I. This suit was properly brought by filing the original note with the justice. It was lost by the justice after institution of suit, and while a record of his court. Hence, the statute of " suits on lost instruments" does not apply to this.

II. The court committed no error in admitting the certificate of incorporation, after the case had been formally closed. It is a matter purely within the discretion of the court. (Pearce vs. Danforth, 13 Mo., 360; Hood vs. Mathis, 21 Mo., 308; Johnson vs. Mason, 27 Mo., 511; Owen vs. O'Reilly, 20 Mo., 603.)

ADAMS, Judge, delivered the opinion of the court.

This was an action commenced before a justice of the peace on a negotiable promissory note.

The note was filed by the plaintiff with the justice of the peace, when the suit was commenced, and the transcript of his docket shows this.

A judgment was rendered by the justice in favor of the plaintiff, and the defendants appealed to the Common Pleas, when judgment was again rendered against them, from which they have appealed to this court.

The defendants make the point, that as the note was lost, the suit could not be maintained, except in the mode designated by our statute concerning bringing suits on lost commercial paper. This objection is not tenable; as the suit was commenced on the note itself, before it was lost, its subsequent loss or destruction could not affect the rights of the parties.

The defendants, Brown and Kerlin, were partners in a saloon; Brown executed the note in the name of the firm, for a debt of the firm, and including also a debt due from himself, to Koch, Chew & Co. The note was purchased by the plaintiff, before maturity in the usual course of business. The

name of the defendant Marks appeared as indorser on the note. Marks denied that he ever had indorsed the note, and the defendant Kerlin denied his responsibility for that part of the note including the individual debt of Brown, and charged that the plaintiff bought the note with notice of this defense.

The case was submitted to the court sitting as a jury for trial, and evidence was given by both parties tending to prove the issues on their respective sides.

At the close of the evidence, instructions were asked, and among others, an instruction that the plaintiff could not recover without proving that it had been incorporated. Before passing on the instructions, the court, against the objections of the defendants, allowed this proof to be made. This evidence was certainly admissible, and as it was omitted through inadvertence, the court exercised its discretion soundly in suffering it to be introduced after the parties had announced the close of the case.

The instructions given on both sides seem to have fully presented the case. The defendants asked several instructions, which were refused, and this refusal is assigned for error. The only issues were, whether Marks indorsed the note, and whether the plaintiff bought it without any notice of the alleged defense set up by Kerlin. The refused instructions ignored the question of notice to the bank, and were therefore objectionable, as not covering the whole case.

The finding was sustained by the evidence, and we see no good reason for disturbing this judgment.

Judgment affirmed. Judges Vories and Sherwood concur ; Judges Napton and Wagner absent.